# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2020**

E-Filing Number: 2006041738

**001682**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TRACI WEBER | CAMPBELL WRAPPER CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 964 STANTON AVENUE<br>FRANKLINVILLE NJ 08322 | 1415 FORTUNE AVENUE<br>DE PERE WI 54115-1907 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement
☒ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors
☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival
☐ Other:

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUN 26 2020
A. SILIGRINI

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TRACI WEBER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS F. SACCHETTA | 308 EAST SECOND STREET<br>MEDIA PA 19063 |
| PHONE NUMBER: (610)891-9212 | FAX NUMBER: (610)891-7190 |
| SUPREME COURT IDENTIFICATION NO.: 46834 | E-MAIL ADDRESS: tom@sbattorney.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>THOMAS SACCHETTA | DATE SUBMITTED<br>Friday, June 26, 2020, 02:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. A jury trial by the is demanded. An assessment of damages hearing is required.*

Filed and Attested by the Office of Judicial Records 26 JUN 2020 02:53 pm A. SILIGRINI

Attorney for plaintiff

| | |
|---|---|
| TRACI WEBER<br>964 Stanton Avenue,<br>Franklinville, NJ 08322<br>　　　　　Plaintiff<br><br>v.<br><br>CAMPBELL WRAPPER CORPORATION<br>1415 Fortune Avenue,<br>De Pere, WI 54115-1907<br>　　　　　Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW<br><br><br><br><br>*Jury Trial Demanded* |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**
Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**
Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: [215] 238-1701

Case ID: 200601682

| | |
|---|---|
| THOMAS F. SACCHETTA, ESQUIRE<br>Attorney I.D. 46834<br>SACCHETTA & BALDINO<br>308 East Second Street<br>Media, PA 19063<br>(610) 891-9212 | *This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is required.*<br><br>Attorney for plaintiff |

| | |
|---|---|
| TRACI WEBER<br>964 Stanton Avenue,<br>Franklinville, NJ 08322<br>               Plaintiff<br><br>v.<br><br>CAMPBELL WRAPPER CORPORATION<br>1415 Fortune Avenue,<br>De Pere, WI 54115-1907<br>               Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW<br><br><br><br><br>*Jury Trial Demanded* |

## **PLAINTIFF'S COMPLAINT**

AND NOW, comes the plaintiff, Traci Weber, by and through her attorney, Thomas F. Sacchetta, Esquire, and avers as follows

1. Plaintiff, Traci Weber, is an adult individual residing at 964 Stanton Avenue, Franklinville, NJ 08322.

2. Defendant, Campbell Wrapper Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Wisconsin with a place of business located at 1415 Fortune Avenue, De Pere, WI 54115. Defendant, Campbell Wrapper Corporation, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, Campbell Wrapper Corporation, had with the Commonwealth of Pennsylvania and sale of a specific product wrap machine described in further detail below

3. On or about July 30, 2018, plaintiff was required to use a wrap machine, which did not contain the proper safe guards.

4.  On the aforementioned date, plaintiff significantly injured her hand as a result of the defective and unsafe wrap machine.

5.  On or about July 30, 2018, plaintiff was injured while using the defective wrap machine sold, designed, marketed, manufactured, controlled, disseminated and/or assembled by defendant, Campbell Wrapper Corporation, which lacked a proper safety guard, features and/or warnings as well as was defective resulting in plaintiff's injuries as outlined below.

6.  The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

## COUNT I - NEGLIGENCE

### Plaintiff, Traci Weber v. Defendant, Campbell Wrapper Corporation

7.  Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

8.  The incident and resulting injuries to plaintiff were caused by the negligence of defendant, acting by and through their agents, servants, workmen and employees.

9.  Such negligence and carelessness consisted of the following:

   (a) failing to design and/or utilize proper designs or procedures for the manufacture, assembly, and sale of the wrap machine;

   (b) designing or utilizing defective designs and/or procedures for the manufacture, assembly and sale of the wrap machine;

   (c) designing, manufacturing, assembling, and/or selling, the wrap machine and/or its component parts which they knew or should have known, was in a defective condition;

   (d) ignoring evidence and facts about the dangers of the wrap machine when used in a reasonably foreseeable manner;

   (e) allowing the wrap machine to be sold in a defective condition;

(f) failing to properly test the component parts of the wrap machine after its manufacture and prior to sale;

(g) failing to properly equip the wrap machine with appropriate safety devices to permit it to be used safely;

(h) failing to offer devices or products so as to make the wrap machine safe for use;

(i) failing to investigate the dangers associated with the wrap machine and its use;

(j) failing to adequately inform or warn purchasers or ultimate users of the wrap machine as to the proper procedures for maintaining the wrap machine;

(k) failing to adequately inform or warn purchasers or ultimate users of the wrap machine as to the proper procedures for repairing the wrap machine;

(l) failing to warn the user of the wrap machine of its inherent design defects;

(m) failing to warn about the hazards and dangers associated with the wrap machine;

(n) failing to properly manufacture the wrap machine;

(o) placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(p) placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

(q) failing to inspect the wrap machine properly prior to sale, rental or lease; and

(r) failing to properly manufacture, design and/or sell the wrap machine with appropriate safety features; and

(s) failing to discover the wrap machine's defective condition and/or design.

10. The injuries and damage to plaintiff were caused by the negligence of the agents, employees and/or servants of defendant.

11. Solely as a result of the negligence of the defendant, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to her right hand requiring surgery as well as scarring and disfigurement.

12. As a direct result of the aforesaid incident, plaintiff suffered severe shock to her nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

13. As a direct result of the aforesaid incident, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from doing so in the near future, as her injuries are permanent in nature.

14. As a result of her injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

15. As a result of her injuries, plaintiff may have suffered a permanent disability and permanent impairment of her earning power and capacity.

16. As a result of her injuries, plaintiff may have suffered a permanent diminution of her ability to enjoy life and life's pleasures.

17. As a result of her injuries, plaintiff has incurred and will in the future incur unreimbursed wage losses.

18. As a result of her injuries, plaintiff has been forced to expend and may in the future be forced to expend medical expenses.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II

### Plaintiff, Traci Weber v. Defendant, Campbell Wrapper Corporation

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

19. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

20. The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the wrap machine, either by virtue of its defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

21. The defective wrap machine involved in the accident described above was defective for its foreseeable use and purpose.

22. The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective wrap machine involved in the accident.

23. The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

### COUNT III - BREACH OF WARRANTY

#### Plaintiff, Traci Weber v. Defendant, Campbell Wrapper Corporation

24. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

25. At the time that they sold the defective wrap machine at issue and/or its component parts, defendants were in the business of manufacturing and marketing wrap machines and/or their component parts and were, with respect to this wrap machine and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

26. The injuries and damages sustained by plaintiff, were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant in connection with its sale of the defective wrap machine and/or its component parts.

27. Defendant impliedly warranted that the wrap machine was of merchantable quality and was fit for the purpose and use for which it was intended.

28. Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

29. By reason of the defective condition aforementioned, the wrap machine was not of merchantable quality and was not fit for their intended use.

30. Defendants breached the implied warranty of fitness and/or merchantability with respect to the wrap machine by designing, manufacturing and selling it a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

SACCHETTA & BALDINO

By: /S/THOMAS F. SACCHETTA, ESQUIRE
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

## VERIFICATION

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

/s/Thomas F. Sacchetta

THOMAS F. SACCHETTA

Case ID: 200601682